**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

RANDEEP SINGH MANN,
REG. #24775-009                                                                                      PLAINTIFF

v.                                         4:15CV00710-KGB-JTK

DR. JOHNSON, et al.                                                                             DEFENDANTS

Consolidated with:

RANDEEP SINGH MANN,
REG. #24775-009                                                                                      PLAINTIFF

4:15CV00713-KGB-JTK

DOES, et al.                                                                                             DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

Plaintiff Randeep Mann is a federal inmate confined at the Terre Haute Federal Correctional Institution, Terre Haute, Indiana. He filed these two civil rights actions pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), and the Court granted his Motion to Consolidate the actions on January 26, 2016 (Doc. No. 8). On February 19, 2016, Plaintiff Mann paid the $400 filing fee for this action (Doc. No. 12).

In <u>Mann v. Johnson</u>, 4:15CV00710, Plaintiff complains about inadequate medical care and treatment while he was incarcerated at the Pulaski County Detention Facility as a pretrial detainee (Doc. No. 1). He claims to be proceeding under the "continuous violations doctrine," because "the

medical issues that arose at that time continue to remain unaddressed and untreated." (Id., p. 2) In Mann v. Does, 4:15CV713, he complains about the same medical issues and other improper conditions of confinement while under the care of the United States Marshal Service in 2009, and then during his one and one-half year stay (beginning in August-September, 2009) as a pretrial detainee at the Pulaski County Detention Facility (Doc. No. 1).

**II.     Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

The screening statute applies to all prisoners, regardless of the fact that Plaintiff paid the $400 filing fee for this action, and is not at this time proceeding in forma pauperis. See Lewis v. Estes, 242 F.3d 375 (8th Cir. 2000) (unpublished). See also McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997).

### III.     Facts and Analysis

Having reviewed Plaintiffs Complaints, the Court finds they should be dismissed, as barred by the statute of limitations. "A Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." Buford v. Runyon, 160 F.3d 1199, 1203, n. 6 (8th Cir. 1998). The applicable statute of limitations period in a Bivens action is the same as that applied to civil rights actions filed pursuant to 42 U.S.C. § 1983. Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995). The limitations period for a § 1983 action is governed by the statute of limitations for personal injury actions in the state in which the claim accrues. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). In this particular case, Plaintiff alleges that the incidents occurred while he was incarcerated at the Pulaski County Detention Facility in Little Rock, Arkansas, and while he was detained by members of the United States Marshal Service as a pretrial detainee in Arkansas.

While Plaintiff does not include any dates in the first complaint, Mann v. Johnson, he refers to his confinement at the Pulaski County Detention Facility as a pretrial detainee. And, he references that same confinement in the second Complaint, Mann v. Does, where he complains about his treatment by the Marshal Service in 2009 and the one and one-half years following his detention in the Pulaski County Detention Facility, beginning in August-September, 2009. Therefore, even assuming his detention did not end until December, 2011, he did not timely file his

complaints within the three-year time frame.

Although Plaintiff alleges that he is filing this pursuant to the "continuing violations doctrine," the Court finds that such does not apply in this case to toll the statute of limitations. The continuing violations doctrine, or "continuous course of treatment" doctrine, applies when the treatment by a physician or medical professional is continuing, and "of such a nature as to impose on the doctor a duty of continuing treatment and care." Baker v. Radiology Associates, P.A., 72 Ark. App. 193, 196, 35 S.W.3d 354, 356 (2000) (quoting Lane v. Lane, 295 Ark. 671, 673-674, 752 S.W. 2d 25, 26-27 (1988). That doctrine provides that in such situations, the statute of limitations does not begin to run until treatment by the medical professional for the particular condition has terminated. Id. In this particular case, however, Plaintiff first complains that he did not receive adequate treatment. Next, he states that the inadequate treatment continued during his one and one-half year stay, beginning in August-September, 2009. Therefore, even assuming a continuing course of (non) treatment could be applied to this situation, it would have terminated when Plaintiff left the confinement and care of the Jail and the Marshal Service.

Taking judicial notice of the records of this Court,[1] Judgment was imposed against Plaintiff Mann on February 28, 2011, following guilty verdicts on charges of use of a weapon of mass destruction and use of an explosive resulting in personal injury, in violation of 18 U.S.C. §§ 2332a, 844(i). United States of America v. Mann, 4:09CR00099BSM, Doc. No. 222. In addition, Judgment was returned, executed on August 2, 2011 (Doc. No. 309), noting that Plaintiff Mann was

---

[1] In considering a motion to dismiss (where, similar to the situation at hand, allegations of the complaint must be accepted as true), a court "may take judicial notice of matters of public record, such as court orders. See Shaw v. Hahn, 56 F.3d 1128, 1129, n. 1 (9th Cir. 1995) In addition, FED.R.EVID. 201(b) provides that a court may take judicial notice of a fact not subject to reasonable dispute, when it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

delivered to the United States Penitentiary, McCreary, in Pine Knot, Kentucky, on April 15, 2011. Therefore, it is clear to the Court that as of April 15, 2011, Plaintiff was no longer incarcerated at the Pulaski County Detention Facility. Furthermore, any allegations against the United States Marshal Service in his Complaints are limited to the year of 2009, or during his incarceration at the Pulaski County Detention Facility. Therefore, the Court finds that Plaintiff's complaints, filed November 12, 2015, were not timely-filed, and should be dismissed.

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that Plaintiff's consolidated Complaint be DISMISSED with prejudice, as frivolous.[2]

IT IS SO RECOMMENDED this 13th day of May, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] See Myers v. Vogal, where the court held the district court properly dismissed an in forma pauperis complaint as frivolous, on screening, when it was apparent that the statute of limitations had run. 960 F.2d 750, 751 (8th Cir. 1992).